UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO APPLE INC. | Case No. 5:14-cv-80139-LHK-PSG (Underlying Case No.: 3:13-cv-254-MOC-DSC (W.D.N.C.)) |
| | **ORDER DENYING MOTION TO COMPEL** |
| | **(Re: Docket No. 1)** |

Plaintiff Celgard, LLC moves to compel third party Apple, Inc. to produce documents and provide a witness in response to Celgard's subpoenas. Apple opposes. The matter was submitted without oral argument pursuant to the local rules.[1] Having reviewed the papers, the court DENIES Celgard's motion.

**I. BACKGROUND**

The subpoenas served on Apple derive from a patent infringement action brought by Celgard against SK Innovation Co. Ltd. in the Western District of North Carolina.[2] SKI is a Korean company that makes materials used in lithium-ion batteries. Celgard alleges SKI

---

[1] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[2] *See* Docket No. 2 at 2.

1

Case No. 5:14-cv-80139-LHK-PSG
ORDER DENYING MOTION TO COMPEL

manufactured and sold lithium-ion battery separators and base-film materials in violation of a Celgard United States patent.[3] SKI moved to dismiss Celgard's complaint for lack of personal jurisdiction, asserting SKI lacks sufficient contacts with the venue because it has not sold or offered to sell any products in North Carolina.[4] The court denied the motion without prejudice and granted Celgard leave to conduct limited jurisdictional discovery regarding SKI's contacts with North Carolina.[5]

Celgard then served subpoenas on Apple for documents and a witness to testify regarding Apple's distribution of products containing SKI's accused products.[6] Celgard's theory is that through Apple SKI delivered its products into the stream of commerce in North Carolina and the United States with the expectation that they would be purchased by consumers.[7] SKI allegedly knew its products would be a subcomponent inside Apple products and thus communications between Apple and SKI will show SKI knew its products were entering the United States.[8] The Western District specifically acknowledged that the products SKI placed upstream and its knowledge concerning the final destination of such products are all relevant to the court's review of SKI's motion to dismiss.[9]

It is unclear exactly what information Celgard still seeks from Apple. Although Celgard initially states in its motion that it requests responses to Request Nos. 3-7, 10, 11, 13-16,[10] it later urges that "the only portion of Celgard's subpoenas that it is seeking to compel compliance with" is

---

[3] *See id*.

[4] *See id*.

[5] *See id*; Docket No. 10-4 at 8.

[6] *See* Docket No. 2; Docket No. 3, Ex. A; Docket No. 3, Ex. B.

[7] *See* Docket No. 2 at 4.

[8] *See* Docket No. 15-4 at 6.

[9] *See* Docket No. 2 at 5-6.

[10] *See* Docket No. 2 at 3.

"Apple's communications with SKI related to battery separators."[11] Celgard further agreed to limit the scope of its requests to documents related to a March 2013 "meeting between Apple and SKI, and a witness to testify regarding that meeting."[12] In reply, Celgard still pursues the same subject matter of communications – battery separators for lithium batteries – but now extends the scope of its request to encompass "several in-person meetings."[13]

Although Apple produced some documents after Celgard filed its motion, Celgard maintains Apple's production is deficient.[14] Despite having met-and-conferred, the parties remain at an impasse.

## II. LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises"[15] "It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)."[16] Rule 26(b) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[17]

---

[11] Docket No. 2 at 5.

[12] Docket No. 2 at 5.

[13] Docket No. 15-4 at 2.

[14] *See* Docket No. 15-4 at 2.

[15] Fed. R. Civ. P. 45(a)(1)(A)(iii).

[16] *Edwards v. California Dairies, Inc.*, Case No. 1:14-mc-00007-SAB, 2014 WL 2465934, at *1 (E.D. Cal. June 2, 2014) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center,* 211 F.R.D. 648, 662 (D.Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d) (1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.")).

[17] Fed. R. Civ. P. 26(b)(1).

3
Case No. 5:14-cv-80139-LHK-PSG
ORDER DENYING MOTION TO COMPEL

Although relevance is broadly construed pursuant to Rule 26, it does have "ultimate and necessary boundaries."[18]  While discovery should not be unnecessarily restricted, a court may limit discovery if "the discovery sought" is "obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit."[19]  Discovery also may be limited to "protect third parties from harassment, inconvenience, or disclosure of confidential documents."[20]  A "court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."[21]

"Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery."[22]  "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information."[23]

---

[18] *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

[19] Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(C).

[20] *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.,* 649 F.2d 646, 649 (9th Cir. 1980) (citations omitted).

[21] *Gonzales,* 234 F.R.D. at 680 (citing *Heat & Control, Inc. v. Hester Industries, Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

[22] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, Case No. V-08-67, 2009 WL 3247193, at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

[23] *Id*. (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discover")).

## III. DISCUSSION

It is uncontested that Celgard's remaining requests encompass a set of communications that took place between Apple and SKI.[24] Without considering whether these communications are sufficiently relevant and necessary, the burden on Apple is unwarranted because the documents requested are also in the possession of SKI, the defendant in the underlying case. "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."[25] Furthermore, Celgard has served SKI with discovery in the underlying litigation, including document requests and deposition notices, that it contends include within their subject matter the same communications sought here.[26] With this discovery served, Celgard has not provided any reason why it cannot obtain the requested information from SKI instead of Apple.

Celgard's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[24] See Docket No. 15-4 at 4; Docket No. 9 at 1.

[25] *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); see also *Nalco Co. v. Turner Designs, Inc.*, Case No. 4:13-cv-02727-NC, 2014 WL 1311571, at *2 (N.D. Cal. Mar. 31, 2014) ("As for documents related to Turner's sale of the Little Dipper to Walchem, Nalco has not explained why it cannot get these documents from Turner, who is a party to this litigation. This alone is sufficient to warrant denying Nalco's request to compel this category of documents." (citing *Nidec Corp.*, 249 F.R.D. at 577)).

[26] See Docket No. 10 at 3.